IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TOMAS VIZCARRA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-10-CV-159-DB |
| | § | |
| RICK THALER[1], Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Tomas Vizcarra's petition for a writ of habeas corpus pursuant to Title 28, United States Code, Section 2254 ("§ 2254"). Therein, Petitioner, through his counsel, challenges his conviction for murder.[2] He alleges the Texas Court of Criminal Appeals ("TCCA") erred during his state habeas proceeding and his trial counsel provided constitutionally ineffective assistance. Respondent Rick Thaler answers that the petition is barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d). Alternatively, Respondent argues that infirmities in the state habeas process are not cognizable under a federal habeas corpus cause of action; Petitioner does not meet his burden of proof under 28 U.S.C. § 2254(d)(1); and Petitioner fails to demonstrate that the TCCA's denial of his ineffective assistance of counsel claim was objectively unreasonable. After carefully examining the record

---

[1] Petitioner, imprisoned in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), named Kenneth Reagans (Senior Warden of the Ramsey Unit) as respondent in his 28 U.S.C. § 2254 petition. However, an application for writ of habeas corpus "must name as respondent the state officer who has custody" over petitioner. 28 U.S.C. § 2254 PRO. R. 2(a). Petitioner is challenging a state conviction resulting in his incarceration in TDCJ-CID. Therefore, Director Rick Thaler is the proper respondent. *See, e.g., Golphin v. Thaler*, No. 08-CV-236-KC, 2009 WL 4728002, at n.1 (W.D. Tex. Dec. 2, 2009).

[2] *State v. Vizcarra*, No 76368 (205th Dist. Ct., El Paso County, Tex. Feb. 20, 1997), *aff'd*, *Vizcarra v. State*, No. 08-97-00103 (Tex. App.– El Paso June 4, 1998, pet. ref'd).

and for the reasons set forth below, the Court denies Vizcarra's petition. Additionally, the Court denies Petitioner a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

On February 6, 1997, an El Paso County jury found Petitioner guilty of murder and assessed punishment at ninety-nine years of imprisonment. Petitioner timely filed a notice of appeal. On June 4, 1998, the Eighth Court of Appeals of Texas affirmed Petitioner's conviction. Thereafter, on December 2, 1998, the TCCA refused his petition for discretionary review; he did not file a petition for writ of certiorari with the United States Supreme Court. On November 11, 2006, Petitioner obtained an affidavit from a key eyewitness that testified during the trial wherein she questions whether she accurately identified Petitioner as the shooter. On August 10, 2007, Petitioner filed a state habeas corpus petition before the TCCA; however, the petition was denied on May 21, 2008. The instant petition followed.

In his petition, Petitioner raises four grounds for relief. First, he declares that the TCCA erred during the state habeas proceeding because it denied his actual innocence claim. Second, Petitioner alleges his trial counsel provided ineffective assistance. Third, Petitioner argues that the TCCA's state habeas procedures were erroneous because they did not give due consideration to an eyewitness's post-trial affidavit. Finally, Petitioner states that the TCCA did not afford him a fair and adequate hearing on his actual innocence claim. Respondent answers that Petitioner's claims are barred by the one-year statute of limitations period pursuant to 28 U.S.C. § 2244(d). The Court agrees.

## LEGAL STANDARD

"[C]ollateral review is different from direct review," and the writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously

wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). The Great Writ "is designed to guard against extreme malfunctions in the state criminal justice system." *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)). As a result, a federal courts' role in reviewing state prisoner petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). Federal courts must generally defer to state court decisions on the merits and on procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). A state court's determination of underlying factual issues is presumed correct, and a petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C.A. § 2254(e)(1) (West 2010). Mere disagreement with a state court is not enough; the standard is one of objective reasonableness. *Montoya*, 226 F.3d at 404. Additionally, they may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). Finally, "infirmities in the state habeas proceedings do not constitute grounds for federal habeas relief." *Henderson v. Cockrell*, 333 F.3d 592, 606 (5th Cir. 2003). Accordingly, a federal court should deny a claim decided by a state court on the merits unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2010).

Moreover, § 2254 petitions need to be timely. If the petition is not timely, the Court can summarily dismiss the claim. In order for a petition to be timely, it must meet one of the four trigger dates listed in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA mandates a one-year statute of limitation to applications for a writ of habeas corpus and lists four dates that trigger the running of the statute. 28 § U.S.C.A. 2244(d) (West 2010). The limitation runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1) (West 2010).

Although the statute of limitations can be equitably tolled, a petitioner must show that he diligently pursued his claim, and that extraordinary or rare circumstances caused the untimely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotations omitted); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (stating a petitioner has the burden of proving he is entitled to equitable tolling). However, equitable tolling is not available for "a garden variety claim of excusable neglect." *Holland*, 130 S. Ct. at 2564. A rare or extraordinary circumstance arises when a petitioner "is actively misled by the [respondent] . . . or is prevented in some

extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 2002). Further, "'[e]quity is not intended for those who sleep on their rights.'" *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Indeed, "[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992). Nevertheless, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). Finally, when a claim is "adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400 (2011).

## ANALYSIS

Petitioner's claims in the instant petition were not timely filed. After his conviction finalized on March 2, 1999, Petitioner's one-year limitations period began to run. *See U.S. v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)) ("When a state prisoner has appealed his conviction to the state court of last resort, the conclusion of the direct review process includes the 90-day period for seeking certiorari in the Supreme Court. If the prisoner stops the appeal process before that point . . . the conviction becomes final when the time for seeking further review in the state court expires."). Because he did not file his state habeas application until seven years later, it had no tolling effect on the limitations period. *See* 28 U.S.C.A. § 2244(d)(2) (West 2010); *Scott v. Johnson*, 227 F.3d 260, 263

(5th Cir. 2000) (The "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired."). Moreover, the instant federal habeas petition was filed ten years after the conviction was finalized, therefore, the statute of limitations period has long run.

Additionally, Petitioner does not claim the State impeded his timely filing of a § 2254 application in any way. *See* 28 U.S.C.A. § 2244(d)(1)(B) (West 2010). Petitioner's allegations are also not based on a "right . . . newly recognized by the Supreme Court" and "made retroactively applicable to cases on collateral review." *See* 28 U.S.C.A. § 2244(d)(1)(C) (West 2010). Furthermore, the affidavit obtained on November 11, 2006, is not a factual predicate that would cure Petitioner's untimeliness. Petitioner waited until August 2007 to file his state habeas application, which was denied on May 2008, leaving approximately three months to file a federal habeas application. Yet, Petitioner did not file the instant petition until April 2010, thereby, not within the one-year limitations period. Thus, his petition is untimely and must be denied unless equitable tolling applies.

This case, however, does not warrant equitable tolling. Petitioner did not pursue his claim diligently as he waited seven years to file his state habeas application and ten years to file his federal habeas application from the one-year limitations period after his conviction was finalized. *Holland*, 130 S. Ct. at 2562. Besides, Petitioner waited nearly nine months after obtaining the affidavit before filing the state habeas application. Once the state habeas application was denied, leaving three months to file the instant petition, Petitioner did pursue his federal habeas application until roughly one year and eight months later. Moreover, even if he had pursued his claim diligently, he

fails to meet the extraordinary circumstance prong as the United States Court of Appeals for the Fifth Circuit has found that a claim of actual innocence is neither an exception to the statute of limitations nor will it toll the limitations period. *Cousin*, 310 F.3d at 849; *Henderson v. Thaler*, 626 F.3d 773, 781 (5th Cir. 2010) (declining in dictum to create "an 'actual innocence of the death penalty' exception to AEDPA's statute of limitations"). Consequently, Petitioner has failed to meet his burden of showing he is entitled to equitable tolling of the limitations period.

## EVIDENTIARY HEARING

If a petitioner fails to develop a factual basis for a claim in state court, a federal habeas court should not conduct an evidentiary hearing on the claim unless (1) the petitioner has shown that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable; or (2) the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C.A. § 2254(e)(2)(A)(i)- (B) (West 2010). The record in this case is adequate to dispose fully and fairly of Petitioner's allegations. The Court need inquire no further on collateral review, and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

AEDPA requires a certificate of appealability before an appeal may proceed in this matter. 28 U.S.C.A. § 2253 (West 2010); *see Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. §§ 2254

or 2255 require a certificate of appealability). This prerequisite is jurisdictional because "the statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A justice or judge will not issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West 2010). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when the Court denies relief based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484).

Although Petitioner has not yet filed a notice of appeal, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. § 2254 PRO. R. 11  After considering the instant petition and the record, the Court concludes that reasonable jurists would not find the Court's procedural or substantive rulings debatable; therefore, the Court will not issue a certificate of appealability from its decision.

## CONCLUSION AND ORDERS

After carefully reviewing the petition and record in this cause, the Court finds Petitioner's claims were not timely filed within the one-year limitations period set by AEDPA. Therefore, the Court concludes Petitioner is not entitled to § 2254 relief. Accordingly, the Court enters the following orders:

1. The Court **DENIES** Petitioner Tomas Vizcarra's petition for a writ of habeas corpus and **DISMISSES** his civil cause **WITH PREJUDICE**.

2. The Court **DENIES** Petitioner Tomas Vizcarra a **CERTIFICATE OF APPEALABILITY**.

3. The Court additionally **DENIES AS MOOT** all pending motions, if any, in this cause.

**SO ORDERED.**

SIGNED this 20th day of June, 2011.

THE HONORABLE DAVID BRIONES
SENIOR UNITED STATE DISTRICT JUDGE